UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DONNIE JACKSON,

    Plaintiff,

v.                                Case No. 4:21-cv-141-WS/MJF

MARK INCH, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Donnie Jackson, DC# 083419, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Docs. 1, 16). Jackson's complaint was not accompanied by the filing fee. The undersigned recommends that this case be dismissed without prejudice under 28 U.S.C. § 1915(g), because Jackson is barred under § 1915(g) from proceeding *in forma pauperis* and he failed to pay the filing fee upon initiating this lawsuit.[1]

**I. BACKGROUND**

Jackson is an inmate of the Florida Department of Corrections ("FDC") currently confined at Florida State Prison ("FSP"). In March 2021, Jackson

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

commenced this action by filing a handwritten document titled "Civil Complaint Jurisdiction Venue" which alleges violations of the First Amendment and theft of his property. (Doc. 1). Because the complaint was not on the proper form, the undersigned directed Jackson to file an amended complaint on the court-approved form. The undersigned also directed Jackson to pay the filing fee. (Doc. 3, 9). The deadline to submit the amended complaint and pay the filing fee was May 28, 2021. Jackson filed his first amended complaint on the court-approved form. (Doc. 16). In the section regarding his previous litigation history, Jackson conceded he had received "strikes" under 28 U.S.C. § 1915(g), that he filed an "excessive" number of cases, and he could not recall all of the cases he had filed. Jackson did not pay the filing fee.

## II. Discussion

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances in which the prisoner-litigant is in imminent danger of serious physical injury. *Id.* The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

> United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

District Judges of the United States District Court for the Northern District of Florida twice have noted that Jackson has accrued at least three strikes under section 1915(g). *See Jackson v. Mayo Corr. Inst.*, No. 1:20-cv-33-MW-GRJ (N.D. Fla. Mar. 12, 2020) (ECF No. 16) (recommending dismissal of Jackson's civil action pursuant to the three-strikes bar and identifying the qualifying strikes) *report and recommendation adopted*, (ECF No. 20) (N.D. Fla. Apr. 14, 2020); *Jackson v.*

*Yuhas*, No. 3:14-cv-83-LC-EMT (N.D. Fla. Feb. 27, 2014) (ECF No. 7) (recommending dismissal of Jackson's civil action pursuant to three-strikes bar and identifying the qualifying strikes), *report and recommendation adopted*, (ECF No. 10) (N.D. Fla. Mar. 31, 2014).[2]

Because Jackson has accrued *at least* three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown*, 387 F.3d at 1349. To fall within this exception, Jackson's complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to section 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Jackson's allegations do not indicate that he is in imminent danger of serious physical injury. Although Jackson makes conclusory statements that he was subject to sexual harassment and excessive force in the past, they do not suggest a continuing

---

[2] Under Federal Rule of Evidence 201(b), a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). This court takes judicial notice of Jackson's previously filed cases and refers to documents in those case numbers as (ECF No. ___).

risk of harm. *Daker v. Robinson*, 802 F. App'x 513, 515 (11th Cir. 2020) ("[P]ast harm is insufficient to meet the imminent-danger requirement.") (citing *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999)). Plaintiff does not allege that he faced imminent serious physical injury at the time he commenced this lawsuit.

Because Jackson is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he filed this lawsuit, this case should be dismissed without prejudice under § 1915(g). *See Dupree*, 284 F.3d at 1236.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $402.00 filing fee.

2. The clerk of court close this case file.

At Pensacola, Florida, this 7th day of June 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not**

**control.** **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**